## APPEAL OF E. O. WALGREN.

Docket No. 6283.     Decided September 27, 1926.

*Ralph H. Case, Esq.*, for the petitioner.
*Arthur H. Murray, Esq.*, for the Commissioner.

LITTLETON: This appeal involves a deficiency of $1,328.32 for the calendar year 1922, arising from the denial of a deduction of $28,000, as a loss from the decline in the value of stock of the Schwenk-Barth Brewing Co. as a result of prohibition legislation.

### FINDINGS OF FACT.

Petitioner is a resident and citizen of Yankton, S. Dak. In May, 1903, a corporation known as the Schwenk-Barth Brewing Co. was organized under the laws of South Dakota, for the purpose of manufacturing and selling beer. This business was carried on until the corporation was forced to discontinue operations on account of prohibition legislation, at which time, believing that it might some time in the future be permitted again to manufacture beer, it began the manufacture of cereal beverages. In the latter part of 1920, or in 1921, it ceased manufacturing operations and engaged in the sale of tobacco at wholesale. In January, 1922, it ceased operations altogether, and from that time on put forth every effort to dispose of its assets. About the effective date of prohibition, the corporation had outstanding stock of a par value of $248,100, of which petitioner was the largest holder, owning $56,000 par value. The corporation had a bond issue of $46,700 and undivided profits of $49,421.07. The operations of the company after it ceased to manufacture beer resulted in annual losses. The bond issue at the time operations were discontinued amounted to $45,000. It had bills payable of $3,000, and in addition, certain due and unpaid taxes. There was little demand for the machinery owned by the corporation, and its buildings were not suitable for other manufacturing purposes without considerable remodeling. Certain of its machinery which had cost $50,000, was sold in 1922 for $4,500. The remainder of the machinery and buildings, having a market value of less than $75,000, were owned by the corporation on and after December 31, 1922, its efforts to dispose of this property at a satisfactory figure having been unsuccessful.

The petitioner was secretary and general manager of the corporation. He purchased the $56,000 par value of stock which he owned throughout the year 1922, at par in 1903 and 1906. On October 31. 1912, and October 31, 1913, the corporation had outstanding capital stock of $248,100 and undivided profits of $57,518.98 and $76,706.39,

respectively. On December 31, 1922, the corporation was still in existence and owned assets of an undisclosed value, but which were then believed by its officers to be of a value somewhat in excess of the bonded and other indebtedness. During 1922, certain stock of the corporation was traded in connection with real estate sales, at 15 cents on the dollar. During the same year, petitioner offered his stock for sale, first at 25 per cent and later at 15 per cent, but found no purchasers at either price. In 1922, petitioner charged off on his books, $28,000 of the $56,000 par value stock owned by him in the corporation. When making his income-tax return for 1922, he deducted $28,000 from gross income as a loss. The Commissioner denied the deduction upon the ground, first, that the stock was not sold or disposed of within the taxable year, and secondly, that the statute does not permit the deduction of a loss based upon the decline of the value of property owned.

*Judgment for the Commissioner.*